UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANDREW JAMES MCGONIGLE, on behalf of himself and others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>MORIARTY GEM CORP.,<br><br>  Defendant. | Case No. 1:25-cv-00398-ALT |

### DEFENDANT MORIARTY GEM CORP.'S MOTION TO STAY

Defendant Moriarty Gem Corp. ("Moriarty") has filed a fully dispositive Motion to Dismiss. ECF No. 9. The arguments in Moriarty's Motion to Dismiss are purely legal, and discovery will not produce any facts necessary to defeat or resolve them. Therefore, Moriarty seeks to stay this case pending the Court's ruling on its Motion to Dismiss.

The "Court has wide discretion to determine the scope and manner of discovery." *Vasquez v. City of E. Chicago*, CAUSE NO. 2:17-CV-229-JVB-JEM, 2019 U.S. Dist. LEXIS 245741, at *5 (N.D. Ind. Apr. 18, 2019) (citing *Thermal Design, Inc. v. American Soc'y of Heating, Refrigerating and Air-Conditioning Engrs., Inc.*, 755 F.3d 832, 839 (7th Cir. 2014)); *see also, Nexstar Broad., Inc. v. Granite Broad. Corp.*, Case No. 1:11-cv-249, 2011 U.S. Dist. LEXIS 105056, at *4 (N.D. Ind. Sept. 15, 2011) ("District courts have extremely broad discretion in controlling discovery, . . . which includes managing the timing, extent, frequency, and manner of discovery[.]" (citation omitted)). This Court "must use [such] discretion to ensure that technically proper discovery does not impose oppression or undue burden or expense." *Id*. (citation omitted).

Second, the Court has recognized that staying discovery is "appropriate 'where the motion to dismiss can resolve the case, where ongoing discovery is 'unlikely to produce facts necessary

to defeat the motion,' or where the motion raises a potentially dispositive threshold issue, such as a challenge to the plaintiff's standing.'" *Vasquez*, 2019 U.S. Dist. LEXIS 245741, at *6 (quoting *Duneland Dialysis LLC v. Anthem Ins. Companies, Inc.*, No. 409-CV-36-RLM-PRC, 2010 U.S. Dist. LEXIS 33599, at *4 (N.D. Ind. Apr. 6, 2010)); *id*. at *6-8 (staying discovery where the defendant's motion to dismiss put forth a dispositive argument as to the plaintiff's federal claim and the plaintiff failed to demonstrate "that additional discovery . . . [wa]s likely to produce facts necessary to defeat the motion."); *see also, Brown v. Swagway, LLC*, No. 3:15-CV-588-JD-MGG, 2018 U.S. Dist. LEXIS 234167, at *4-5 (N.D. Ind. June 13, 2018) (staying the case as "Swagway's Motion to Dismiss or Disqualify could resolve the case making a stay valuable in conserving the parties' resources."); *Nexstar Broad*, 2011 U.S. Dist. LEXIS 105056, at *8 (finding a stay to be "appropriate because Granite's Motion to Dismiss may not only resolve the case, but it raises a potentially dispositive threshold issue[.]").

Here, all the relevant factors weigh in favor of staying this case pending resolution of Moriarty's fully dispositive Motion to Dismiss. Moriarty's Motion to Dismiss makes the fully dispositive argument that Plaintiff does not have a private right of action under 47 U.S.C. § 227(c), the statute under which Plaintiff has brought his sole claim against Moriarty. Moriarty's fully dispositive argument is purely legal. Thus, no factual discovery will help resolve or defeat it.

Further, class discovery is "expensive [and] burdensome[,]" *Toth v. N.Y.C. Dep't of Educ.*, 21-CV-4245 (AMD) (JAM), 2024 U.S. Dist. LEXIS 133567, at *6 (E.D.N.Y. July 26, 2024), and here, Moriarty—a local, family-owned jewelry shop—will bear the large brunt of that burden and expense. In discovery, Plaintiff will be seeking four-years' worth of communication records and other related documents from Moriarty. Meanwhile, Plaintiff will face minimal burden and expense in discovery, as he likely will only have to produce four text messages he allegedly

2

received from Moriarty and related documents surrounding his phone-usage practices. Plaintiff likely has all such documents readily available, as this is the 23rd TCPA case Plaintiff has filed since October 2024. *See* **Exhibit A** (PACER report). As all the relevant factors weigh in favor of a stay, this Court should exercise its discretion and stay this case pending resolution of Moriarty's fully dispositive Motion to Dismiss.

Dated: September 12, 2025                    Respectfully Submitted,

       /s/ *Andrew J. Miroff*
Andrew J. Miroff (#21749-49)
Libby P. Moyer (#36910-71)
ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN 46282
Tel: (317) 236-2100
drew.miroff@icemiller.com
libby.moyer@icemiller.com

Joseph P. Bowser (*PHV Pending*)
ROTH JACKSON GIBBSON CONDLIN PLC
1519 Summit Avenue
Suite 102
Richmond, VA 23230
Tel: (804) 441-8701
jbowser@rothjackson.com

3

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was served upon all parties of record via the Court's electronic filing system on September 12, 2025.

                                        */s/ Andrew J. Miroff*
                                        Andrew J. Miroff

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN  46282
drew.miroff@icemiller.com